UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS NADLER,

    Plaintiff,

    v.

MERLIN INTERNATIONAL, INC. f/k/a
MERLIN SOFTWARE CORPORATION
d/b/a MERLIN TECHNICAL SOLUTIONS,
INC.,

    Defendant.

Case No. 06-cv-907-JPG

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

**I.   Introduction**

Shortly after Dennis Nadler (Nadler) began working for Merlin International, Inc, f/k/a Merlin Software Corporation d/b/a Merlin Technical Solutions, Inc. (Merlin) as its Chief Technology Officer, he and Merlin entered into a Restricted Stock Agreement (Agreement) that gave him the option of purchasing 500,000 shares of Merlin's Common Stock (Restricted Stock). On April 9, 2004, Nadler exercised his rights under the Agreement and purchased the 500,000 shares.

The Agreement gave Merlin the first option to repurchase all or part of the Restricted Stock upon the happening of certain triggering events – including Nadler's termination. To exercise its option, the Agreement required Merlin to provide Nadler written notice of its intention to do so within 60 days of the triggering event. The parties agreed to determine the value of the Restricted Stock under an Excess Earnings Valuation Formula (Formula) detailed in the Agreement.

Merlin fired Nadler on July 17, 2006 and, on August 28, 2006, notified him of its intention to exercise its option to purchase his Restricted Stock. Without reference to the Formula and without providing Nadler the information necessary to make an independent calculation thereunder, Merlin declared the purchase price to be $500,000.00, less $74,004.94 – the amount Nadler allegedly currently owes Merlin. The last paragraph of the letter stated, "This letter is written in the context of a settlement, therefore, nothing herein shall be deemed to be an admission by Merlin of any obligation to pay you any amounts whatsoever." Nadler followed up on the letter with an email seeking clarification whether Merlin intended the letter to be an exercise of its option to purchase the Restricted Stock or a settlement offer. In response, Merlin stated that it considered the letter notice of its exercise of its option under the Agreement. It also included a new calculation of the value of the stock, purportedly made pursuant to the Formula. This time, it arrived at a purchase price of $436,500.00, again less the $74,004.94. Nadler thinks Merlin has grossly undervalued the Restricted Stock.

Nadler forewent further negotiations and filed the instant action in state court on October 6, 2006, asserting claims for breach of contract, detrimental reliance, breach of implied covenant of good faith and fair dealing, and unjust enrichment – he also petitioned for a declaratory judgment on the value of the Restricted Stock. Merlin removed the case to this Court on November 14, 2006, and filed its motion to dismiss Counts II (detrimental reliance), III (breach of implied covenant of good faith and fair dealing) and IV (unjust enrichment) on December 7, 2006 (Doc. 12). Nadler has responded to the motion (Doc. 20) and Merlin has replied to that response (Doc. 22). Having considered the parties' arguments, the Court is now prepared to rule.

**II.     Analysis**

Merlin contends that the Agreement's Colorado choice of law provision is enforceable and that Counts II, III, and IV fail because the existence of a valid contract and a remedy thereunder preclude the relief sought in these claims under Colorado law. Nadler halfheartedly argues that the Colorado choice of law provision is unenforceable; he asserts that dismissal of Counts II, III, and IV is unwarranted at this stage in the proceedings because he is pleading in the alternative should the Agreement prove unenforceable.

### A. Standard

When reviewing a Rule 12(b)(6) motion to dismiss, this Court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). It should not grant a motion to dismiss unless it appears beyond doubt that plaintiff cannot prove his claim under any set of facts consistent with the complaint. *McDonald v. Household Intern., Inc.*, 425 F.3d 424, 428 (7th Cir. 2005). The Court will not grant a motion to dismiss merely because the complaint is vague or lacking in detail, so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002).

### B. The Choice of Law Provision

The Court is sitting in diversity, so it applies the choice of law rules of Illinois. *Midwest Grain Prods. of Ill., Inc., v. Productization, Inc.*, 228 F.3d 784, 787 (7th Cir. 2000). Illinois courts follow the approach set forth in Restatement (Second) of Conflict of Laws, which, in a case such as this, refers courts either to a choice of law provision in the contract, or to the place of performance. *Id*. (citing *Esser v. McIntyre*, 661 N.E.2d 1138, 1141 (Ill. 1996)); *Maher & Assocs., Inc. v. Quality Cabinets*, 640 N.E.2d 1000, 1006 (Ill. App. Ct. 2d Dist. 2000). Because

the Agreement contains an express choice of law provision designating Colorado law, this Court must apply the law of Colorado if doing so would not offend Illinois public policy and Colorado bears a reasonable relationship to the parties or the transaction.  *Hubbert v. Dell Corp.*, 835 N.E.2d 113, 120 (Ill. App. Ct. 5th Dist. 2005); *Newell Co. v. Peterson*, 758 N.E.2d 903, 922 (Ill. App. Ct. 2d Dist. 2001);  *Amakua Dev. LLC v. Warner*, 411 F.Supp.2d 941, 948 (N.D. Ill. 2006) .

Nadler claims that Colorado's only interest in this litigation – as he sees it, the fact that Merlin is a Colorado corporation –  is insufficient to merit the application of its law to the instant dispute. *See English Co. v. Northwest Envirocon, Inc.*, 663 N.E.2d 448, 452 (Ill. App. Ct. 2d 1996). Contrary to this assertion, "the sufficient relationship requirement is generally satisfied when the contractual choice of law is that of the state in which one of the parties is headquartered." *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 706 (7th Cir. 2004); *Hubbert*, 835 N.E.2d at 120; *Newell Co.*, 758 N.E.2d at 922; *Manion v. Roadway Package Sys., Inc.*, 938 F.Supp. 512, 515 (C.D. Ill. 1996).  Because Merlin has its headquarters in Colorado, the Court finds that Colorado has a sufficient relationship to the parties and the transaction to merit the application of its law to this dispute.  Nadler has not argued that applying Colorado law would violate Illinois public policy and no problematic public policy considerations are apparent to the Court.  Accordingly, the Court finds that the choice of law provision is enforceable.

### C. Detrimental Reliance

Under Colorado law, promissory estoppel is applicable "only in the absence of an otherwise enforceable contract." *Scott Co. of Cal. v. MK-Ferguson Co.*, 832 P.2d 1000, 1003 (Co. App. Ct. 1991). Because of this, and the fact that Nadler asserts a right to recovery for detrimentally relying on the terms of the Agreement, Merlin prays for a dismissal of the claim. Merlin also claims that Nadler has not actually pleaded in the alternative.  Nadler acknowledges

that he is not entitled to double recovery, but claims he has pleaded a detrimental reliance claim in the alternative.

As both sides agree that Nadler cannot recover for both breach of contract and detrimental reliance, the utility of fighting over the dismissal of the detrimental reliance claim at this stage in the proceedings is questionable. In any case, the Court will proceed to address the parties' arguments. The cases cited by Merlin rely on Colorado's substantive law on the election of remedies. For that reason, they have no bearing on the procedural question of whether Nadler has properly pleaded his detrimental reliance claim alternatively. *See generally Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1371 (7th Cir. 1990). This question depends on federal law.

Federal Rule of Civil Procedure 8(e) allows a party to plead in the alternative. Despite Merlin's suggestions to the contrary, Nadler need not use specific words to plead in the alternative. *Holman v. Indiana,* 211 F.3d 399, 407 (7th Cir. 2000). All he need do is "use a formulation from which it can be reasonably inferred" that he intended to plead in the alternative. *Id*. By the plain terms of his pleading, Nadler asserts a right to recover damages for promissory estoppel resulting from Merlin's breach of the Agreement. While one may plead a claim for breach of contract in one count and a claim for promissory estoppel in another, one may not plead, in one count, that there was an agreement and that he relied on the agreement to his detriment. *See Allied Vision Group, Inc. v. RLI Prof'l Techs., Inc.*, 916 F.Supp. 778, 782 (N.D. Ill. 1996); *see generally* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1282 (3d ed.). The detrimental reliance claim contains multiple, specific references to the Agreement, but no allegation that the Agreement is unenforceable. If Nadler intended to plead in the alternative he has not done so clearly. *See Purizer Corp. v.*

5

*Battelle Mem'l Inst.*, Case No. 01-C-6560, 2002 WL 22014, *5 (N.D. Ill. Jan. 7 2002); *RLI Prof'l Techs., Inc.*, 916 F.Supp. at 782; *Gordon v. Matthew Bender & Co.*, 562 F.Supp. 1286, 1298-99 (N.D. Ill. 1983). Accordingly, the Court dismisses his detrimental reliance claim without prejudice.

### D. Breach of the Implied Covenant of Good Faith and Fair Dealing

The law of Colorado imposes a duty of good faith and fair dealing in every contract. *Colorado Interstate Gas Co. v. Chemco, Inc.*, 833 P.2d 786, 792 (Colo. Ct. App. 1991). Subject to exceptions not applicable here, the breach of this duty does not give rise to an independent tort action or a separate action for breach of contract. *Id.*; *Denny Const., Inc. v. City & County of Denver ex rel. Board of Water Comm'rs*, Case No. 05CA1535, *3 (Colo. Ct. App. Feb. 22, 2007); *In re Mullaney*, 179 B.R. 942, 945 (D. Colo. 1995); *see also RHC, LLC v. Quizno's Franchising, LLC*, Case No. 04-CV-985, 2005 WL 1799536, at *6 (Colo. Dist. Ct. July 19, 2005) Accordingly, the Court dismisses Nadler's claim for the breach of this covenant.

### E. Unjust Enrichment

Colorado law forbids a party from recovering for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter. *Interbank Inv., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. Ct. App. 2003). There are two exceptions to this general principle: "when the implied-in-law contract covers conduct outside the express contract or matters arising subsequent to the express contract" and "when the party will have no right under an enforceable contract." *Id*. Nadler invokes neither of these exceptions. Accordingly, for the reasons given above with respect to the detrimental reliance claim, the unjust enrichment claim fails as well. The Court dismisses this claim without prejudice.

**III.     Conclusion**

Merlin's motion to dismiss (Doc. 12) is **GRANTED**. The Court hereby dismisses Counts II and IV **WITHOUT PREJUDICE** and Count III **WITH PREJUDICE**. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**

**DATED: March 20 , 2007**

                                     s/ J. Phil Gilbert
                                     **J. PHIL GILBERT**
                                     **DISTRICT JUDGE**